## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-CV-150-JED-FHM |
| v. | ) | |
| | ) | |
| ROBERTO CHAVEZ, individually and d/b/a | ) | |
| BUCHANAN'S BAR; and BUCHANAN'S | ) | |
| BAR, LLC, d/b/a BUCHANAN'S BAR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support ("Motion") (Doc. 14, 15). For the reasons discussed herein, the Court finds that the Motion should be granted, as set forth below.

## I.    Background

Plaintiff alleges that defendants unlawfully intercepted and exhibited *"Manny Pacquiao v. Timothy Bradley, Jr., WBO World Welterweight Championship Fight Program"* ("the Program") on April 9, 2016. (Doc. 2, 14). Plaintiff had exclusive nationwide commercial distribution rights to the Program. The interstate transmission of the Program was encrypted and available only to commercial establishments that entered into a sub-licensing agreement with the plaintiff. An investigator hired by plaintiff observed the Program being shown at the defendants' establishment, Buchanan's Bar, even though the defendants had not obtained a license for the program from the plaintiff. (Doc. 15-2). The investigator, Nathan Alessi, observed one large projection screen and took three head counts of 20, 22, and 19 patrons. (Doc. 15-2 at 2). The investigator reported having paid a cover charge of $5 to enter the establishment. (*Id*. at 1). The sub-licensing fee for an

establishment the size of Buchanan's Bar would have been $2,000. (Doc. 15-1 at 3, 9). Plaintiff alleges that the defendants' actions were in violation of 47 U.S.C. § 605, and plaintiff has presented evidence that the illegal interception of the program is not and cannot be mistakenly, innocently, or accidentally intercepted. (*See id*. at 3-4).

Defendants were served by means of publication, as authorized by this Court (Doc. 10), but they did not appear or file answers. On August 7, 2018, the Court Clerk entered a default against defendants. (Doc. 13). Plaintiff now moves for default judgment and requests $110,000 against defendants, plus $1,575.00 in attorneys' fees and $674.64 for costs incurred.

## II.    Damages

Plaintiff seeks maximum statutory damages against defendants under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ." Plaintiff also seeks maximum enhanced damages against the defendants pursuant to the statute, which in part provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation.

47 U.S.C. § 605(e)(3)(C)(ii). In sum, plaintiff requests $110,000 in damages against the defendants.

The undersigned has typically declined to award the maximum damages in similar cases. *See, e.g., J & J Sports Prods., Inc. v. Bautista*, No. 13-CV-719-JED-FHM, 2015 U.S. Dist. LEXIS 19745 (N.D. Okla. Feb. 19, 2015); *J & J Sports Prods., Inc. v. Cordoba*, No. 16-CV-184-JED-FHM, 2016 WL 6238583 (N.D. Okla. Oct. 25, 2016); *J & J Sports Prods., Inc. v. Martinez*, No. 16-CV-573-JED-PJC, 2017 WL 374472 (N.D. Okla. Jan. 25, 2017); and *J & J Sports Prods., Inc.*

*v. Miranda*, No. 16-CV-188-JED-TLW, 2017 WL 1987246 (N.D. Okla. May 12, 2017). Instead, based on such factors as the number of patrons at the establishment at the time of the broadcast and the cover fee charged, the undersigned determines what amount of damages will be sufficient both to "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "punish defendants for the illegal conduct and deter future violations." *Miranda*, 2017 WL 1987246 at *2 (quoting *Joe Hand Promotions, Inc. v. John M. McLemore*, No. 10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011)).

In this case, the Court notes that these same defendants have recently been found liable for similar conduct in *J&J Sports Productions, Inc. v. Chavez, et al.*, No. 17-CV-166-JED-JFJ (N.D. Okla. Oct. 19, 2018) and *J&J Sports Productions, Inc. v. Chavez, et al.*, No. 18-CV-155-CVE-JFJ (N.D. Okla. Aug. 30, 2018). In Case No. 17-CV-166, the undersigned adopted Magistrate Judge Jodi F. Jayne's recommendation of $3,540 in statutory damages and $14,000 in enhanced damages where 13 to 18 patrons were present at the establishment, the sublicensing fee was $3,000, and there was a $10 cover charge. Having compared the uncontested facts presented in these two cases, the Court finds and concludes that $4,200.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $14,000.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by the defendants and will sufficiently deter future similar violations.

## III. Full Costs

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 15-3, 15-4) and finds that

an award of $1,575.00 for attorneys' fees and $674.64 for costs is reasonable and appropriate in light of the work expended as indicated by the filings of record.

## IV.    Conclusion

Plaintiff's Motion for Default Judgment (Doc. 14) is **granted**.  The Court finds that an award of $4,200.00 in statutory damages and $14,000 in enhanced damages, for a total of $18,200.00 in damages, along with $1,575.00 in attorneys' fees and $674.64 in costs, is appropriate under the applicable statutes and circumstances.  A Judgment will be entered consistent with this Opinion and Order.

ORDERED this 13th day of February, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE